## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CHARLES MADDIX,**

       **Plaintiff,**

**vs.**                                     **Case No.:**

**WEKIVA SPRINGS CENTER, LLC,**

       **Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHARLES MADDIX ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, WEKIVA SPRINGS CENTER, LLC, a foreign limited liability company, which is a wholly owned subsidiary of UNIVERSAL HEALTH CARE SERVICES, INC., a foreign profit corporation, ("Defendants"), and states as follows:

### COURT JURISDICTION AND VENUE

1.    This court has jurisdiction over the subject matter pursuant to 38 U.S.C. §4301-33, Uniformed Services Employment and Reemployment Rights Act (hereinafter USERRA), the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624, Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e et seq. ("Title VII").

2.     The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over this action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and the Florida Private Whistleblower Act, codified at Florida Statute §448.102 et seq.

3.     Declaratory, injunctive, legal, and equitable reliefs are sought pursuant to the laws set forth above together with attorney's fees, costs, and damages.

## CONDITIONS PRECEDENT

4.     Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and/or the EEOC. Plaintiff received his Notice of Suit Rights on December 18, 2020. This action is timely brought thereafter.

## PARTIES

5.     Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendants, due to his military status and performance of service in the Armed Forces.  Plaintiff is also a member of a protected class because he is a disabled veteran relating to his mental health injury incurred during his service as well as his gender/sex.

6.     At all times material to this action, Plaintiff was a resident of Duval County, Florida.

7.     At all times material to this action, Defendants knew of Plaintiff's

2

status as a disabled veteran of the Armed Forces of the United States as well as his gender/sex.

8.     At all times material to this action, Defendants was, and continued to be, engaged in business in Florida, doing business, among other counties, in Duval County, Florida.

9.     At all times material to this action, SHEILA CARR, was an individual resident of the State of Florida, who was the Chief Executive Officer of WEKIVA SPRINGS CENTER, LLC and who regularly exercised the day-to-day authority to: (a) hire and fire employees of WEKIVA SPRINGS CENTER, LLC; (b) determine the work schedules for the employees of WEKIVA SPRINGS CENTER, LLC and (c) control the finances and operations of WEKIVA SPRINGS CENTER, LLC. By virtue of having regularly exercised that authority on behalf of WEKIVA SPRINGS CENTER, LLC, SHEILA CARR, is/was an employer as defined 29 U.S.C. § 201, et seq and 38 U.S.C. § 4303(4)(A).

10.     At all times material to this action, MARCUS DE CARVALHO, M.D., was an individual resident of the State of Florida, who was a Medical Director and managed the operations of WEKIVA SPRINGS CENTER, LLC and who regularly exercised the day-to-day authority to: (a) hire and fire employees of WEKIVA SPRINGS CENTER, LLC; (b) determine the work schedules for the employees of WEKIVA SPRINGS CENTER, LLC and (c) control the finances and operations of

WEKIVA SPRINGS CENTER, LLC.  By virtue of having regularly exercised that authority on behalf of WEKIVA SPRINGS CENTER, LLC, MARCUS DE CARVALHO., is/was an employer as defined 29 U.S.C. § 201, et seq and 38 U.S.C. § 4303(4)(A).

11.   From approximately May 16, 2016 until his constructive termination on March 23, 2020 Plaintiff was employed by Defendants as Psychiatric Mental Health Nurse Practitioner.

12.   At all times material to this action, Plaintiff was an employee of Defendants within the meaning of the applicable laws herein.

13.   At all times material to this action, Defendants were, and continue to be, an "employer" within the meaning of the applicable laws herein.

## INTRODUCTION

14.   Plaintiff is a member of a class protected by law because he was discriminated against and retaliated against by his employer, the Defendants, due to his military status and performed service in the Armed Forces.  Plaintiff is also a member of a protected class because he is a disabled veteran, request for leave under the FMLA relating to his disability and gender/sex.

15.   In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress sought to remedy its finding that employees with serious health conditions, or to care for family members with seriously health

conditions, have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees with unpaid, job-protected leave due to care for a spouse with a serious health condition. 26 U.S.C. § 2612(a)(1). FMLA regulations require employers to furnish employees with written guidance about their rights and obligations under the statute, as well as written guidance about the employer's specific policies relative to FMLA leave. 29 C.F.R. § 825.301. An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1).

16.   Plaintiff, CHARLES MADDIX, brings this action pursuant to the FMLA to recover from Defendants for back pay, reinstatement and in the alternative front pay in the event reinstatement is not practical, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

17.   At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 2601, et seq., because Defendants interfered with Plaintiff's right to take FMLA leave by changing the terms and conditions of his employment when Plaintiff requested to take FMLA protected leave.

18.   At all times relevant to this action, Defendants employed over 90,000 people throughout the United States and prides itself for providing medical and behavioral health services to the general public, as well as disabled veterans. Defendants provide Patriot Support Programs at 25 facilities around the country. WEKIVA SPRINGS CENTER LLC, is one of the locations that provides "Military-specific treatment and case management, crisis stabilization, and medical detoxification, rehabilitation and mental health."

## STATEMENT OF THE ULTIMATE FACTS

19.   Plaintiff worked for Defendants from May 16, 2016 through March 3, 2020. He was a Full-Time salary paid employee and was hired as Psychiatric Mental Health Nurse Practitioner (hereinafter referred to as "NP") at the Wekiva Springs Center, located in Jacksonville, Florida. During his employment, he was discriminated against as a veteran based on his service related disability and his covered disability or perceived disability as well as his gender/sex.

20.   Plaintiff is a veteran of the United States Navy, where he served as a Naval Hospital Corpsman. Plaintiff served for four (4) years and received an Honorable Discharge. After receiving his Honorable Discharge, Plaintiff went on to attend school for nursing.

21.   Defendants are well aware of both Plaintiff's veteran status, as well as his chosen career as a Nurse Practitioner, and the glaring fact that Plaintiff was the

only male Nurse Practitioner at WEKIVA SPRINGS CENTER, LLC.

22.    Since the time Plaintiff was hired by Defendant, Plaintiff was held to a different standard than his female co-workers.

23.    Plaintiff reported multiple violations of practice, violations of law, and would often object to illegal practices directly in contradiction to the Rules of the Agency for Health Care Administration and the Florida Administrative Code for Hospital Licensure.

24.    Plaintiff reported the illegal practices to CEO Sheila Carr, Dr. Bih Tambie, and Dr. Raul Soto-Acosta which included improper billing. Plaintiff then was continuously harassed by Ms. Carr after reporting these illegal violations.

25.    Sheila Carr unrelentingly harassed Plaintiff about his charting practice which included instructing his male intern how to chart. Plaintiff has a service related disability and requires the accommodation of assistance with charting. Ms. Carr revoked that accommodation. The only explanation that was given to Plaintiff was "[t]hat is how it has always been."

26.    Plaintiff was never informed of this alleged rule. Plaintiff had always been allowed to instruct his interns to chart. A female nurse practitioner, Gail (lnu), was allowed to have her interns chart without reprimand.

27.    Plaintiff reported yet another violation of law to Sheila Carr which required that "[a]ll discharge summaries must be signed by a staff or consultant

physician." F.A.C. 59A-3.310(10)(d). Plaintiff made these reports in February 2020.

28.    Sheila Carr again relentlessly harassed Plaintiff in retaliation for Plaintiff objecting to the violations of law. Ms. Carr continued to disparately treat Plaintiff in comparison to his female counterpart, Gail (lnu).

29.    The hostility and harassment relating to Plaintiff's service connected disability reached a fevered pitch requiring Plaintiff to request FMLA to treat his service related disability. Then, on or about March 23, 2020, while Plaintiff was on leave convalescing for the aggravation of his disability, Ms. Carr terminated Plaintiff's full-time employment by forcing him to work on an as needed basis. Plaintiff subsequently suffered intense stress in relation his disability. Ms. Carr's harassment and overt demand to violate laws only intensified Plaintiff's stress.

30.    Plaintiff has been subjected to defamatory and disparaging treatment by Defendants.  Plaintiff has been discriminated against and retaliated against based on his military service and the leave he required under the FMLA, as well for his gender/sex.

31.    Defendant's actions were willful or in reckless disregard for the tenets of the laws cited herein.

32.    Plaintiff has retained the undersigned to prosecute the claims articulated herein and owes a fee to the same. Defendant should be required to pay

this fee.

## COUNT I
## VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

33.    Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

34.    Defendants Wekiva Springs Center, LLC is an employer as that term is used under the applicable statutes referenced above.

35.    The foregoing allegations establish a cause of action for unlawful discrimination and retaliation based on Plaintiff's military status.

36.    Defendants discriminated and retaliated against Plaintiff based on his service related disability.

37.    Plaintiff maintains that his military status as a disabled veteran was a substantial and determining factor in Defendants' decision to both discriminate and retaliate against Plaintiff as detailed in part above.

38.    Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice in violation of USERRA.

39.    The foregoing unlawful actions by Defendants were purposeful.

40.    Plaintiff is a member of a protected class because he is a military veteran with a service related disability, and was the victim of discrimination and retaliation. Plaintiff required reasonable accommodations relating to his disability

and was denied those accommodations and harassed because of his service. There is thus a causal connection between his service disability, the need to seek treatment and the adverse action taken thereafter.

41.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

## COUNT II
## FMLA – INTERFERENCE/RETALIATION

42.   Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

43.   At all times relevant hereto, Defendants Wekiva Springs Center, LLC interfered with Plaintiff's right to take leave from work under the FMLA and then retaliated against Plaintiff after his request.

44.   At all times relevant hereto, Defendants' interference with Plaintiff's right to take leave from work violated the FMLA. This is therefore an interference and retaliation claim pursuant to the FMLA.

45.   Defendants interfered with the exercise of Plaintiff's right to FMLA leave by discharging him prior to the expiration of the 12 weeks of FMLA leave to which he would have been entitled. Defendants forced Plaintiff's discharge in

retaliation for him requesting FMLA leave.

46.   As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47.   Because Defendants cannot show that its violation of the FMLA was in good faith Plaintiff is entitled to liquidated damages.

48.   Defendants' violation of the FMLA was willful, as Defendants engaged in the above-described actions while knowing that same were impermissible under the FMLA.

49.   Defendants are liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendants.  Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

50.   In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

51.   As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and

future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.   These damages have occurred in the past, are permanent and continuing.

52.   Plaintiff is entitled to compensatory and punitive damages as provided for, and limited by, 42 U.S.C. 1981a(1) and (b),  reasonable attorney's fees, including expert fees, as provided for, and limited by, 42 U.S.C. 1988(b) and (c), and injunctive relief, including reinstatement and hiring, back pay, and other equitable remedies as provided for, and limited by, 42 U.S.C. 2000e-5(g).

## COUNT III
## DISABILITY / PERCEIVED DISABILITY DISCRIMINATION UNDER THE ADAAA

53.   Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

54.   Plaintiff was a qualified individual with a disability recognized under the ADAAA.

55.   Plaintiff was disabled/perceived as disabled by Defendants. Plaintiff advised Defendants of his need to treat his mental health condition caused by his military service. Defendants were fully aware of Plaintiff's condition and intentionally acted to exacerbate the symptoms of Plaintiff's disability.

56.   Defendants were Plaintiff's employer as defined by the ADAAA.

57.    Defendants discriminated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

58.    Defendants discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendants of his need for a work accommodation related to his service connected disability. Plaintiff requested a reasonable accommodation to try and work a different position. Defendants did not give Plaintiff a reasonable accommodation and refused to engage in the interactive process.

59.    Defendants had actual or constructive knowledge of the discriminatory conduct. Defendants gave Plaintiff only the option of taking a position without accommodation.

60.    Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment. Defendants did not reasonably accommodate Plaintiff.

61.    Defendants' conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA. Defendants' were required to accommodate Plaintiff and offer a position of employment that Plaintiff could perform without causing further injury to Plaintiff.

62.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

63.     Defendants' violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

64.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT IV
## RETALIATION UNDER THE ADAAA

65.     Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

66.     Plaintiff was a qualified individual with a disability recognized under the ADAAA.

67.     Plaintiff was disabled or perceived as disabled by Defendants.

68.     Defendants were Plaintiff's employer as defined by the ADAAA.

69.     Defendants retaliated against Plaintiff because, in part, of his request for a reasonable accommodation—this retaliation is in violation of the ADAAA. Defendant fired Plaintiff because Defendant did not want to provide a reasonable accommodation for Plaintiff. Defendant became abusive after Plaintiff reported the violations relating to his disability he saw through his employment with Defendants.

70.     Defendants retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendants of his need for a work accommodation related to his disability. Defendants retaliated against Plaintiff and refused to return

Plaintiff to work.

71.     Defendants had actual or constructive knowledge of the retaliatory conduct.

72.     Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment. Defendants were required to reasonably accommodate Plaintiff and Defendants blatantly refused to do so.

73.     Defendants' conduct violated Plaintiff's right to be free from retaliation as guaranteed by the ADAAA.

74.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

75.     Defendants' violations of the ADAAA were willful or in reckless disregard of the tenets of the same.

76.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT V
## DISCRIMINATION BASED ON GENDER / SEX IN VIOLATION OF TITLE VII

77.     Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

78.     Plaintiff is member of a protected class due to his gender and/or sex as Plaintiff was a male nurse in a predominantly female dominated industry and the

only gay male nurse at the facility.

79.     Defendants treated the only gay male nurse at Wekiva Springs Center differently by placing different work conditions on Plaintiff and disparately enforcing rules against Plaintiff and not enforcing those same rules as against female nurses. Defendants engaged in unlawful employment practices and discriminated against plaintiff on the basis of his gender / sex in violation of Title VII.

80.     Defendant knew or should have known of the discrimination. Defendants' CEO's, managers, and supervisors approved of this conduct and also engaged in the willful discriminatory conduct.

81.     The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT VI
## DISCRIMINATION - CHAPTER 760, FLORIDA STATUTES

82.     Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

83.     Plaintiff was disabled/perceived as disabled by Defendants and is a gay

male nurse.

84.    This is an action against Defendants for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's mental health disability which was incurred in or aggravated by his military service as well as for discrimination based on Plaintiff's gender/sex.

85.    Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendants, he was treated differently than similarly situated non-disabled/perceived-as-disabled employees. Plaintiff was discriminated against based on his disability and was treated differently than his female counterparts.

86.    Defendants are liable for the differential treatment and/or refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions, such as CEO, Ms. Carr, affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

87.    In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and/or gender/sex based and in violation of the laws set forth herein. Defendants'

agents advised Plaintiff they that the violations of law were not of importance. Plaintiff did not want to switch to a different position and wanted to continue working at with Defendants, as long as Defendants complied with the applicable law.

88.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein lead, at least in part, to Plaintiff's termination.

89.    Defendants' conduct and omissions constitute intentional discrimination and unlawful employment practices.

90.    As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT VII
## RETALIATION UNDER CHAPTER 760, FLORIDA STATUTES

91.    Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

92.    Defendant is an employer as that term is used under the applicable

statutes referenced above.

93.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

94.     Under Fla. Stat. § 760.10(7), "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." Plaintiff was terminated from his full-time position after he disclosed the violations of law to his supervisors.

95.     To establish a prima facie retaliation case, Plaintiff is required to demonstrate 1) statutorily protected expression, 2) an adverse employment action, 3) a causal connection between the participation in the protected expression and the adverse action. Plaintiff complained about his treatment relating to his disability and the disparate treatment relating to his gender/sex.

96.     The foregoing unlawful actions by Defendant were purposeful.

97.     Furthermore, Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendants and

was the victim of retaliation thereafter, as related in part above.

98.    Plaintiff is a member of a protected class and Plaintiff engaged in protected activity and was the victim of retaliation immediately thereafter.  There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

99.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

**COUNT VIII**
**VIOLATION OF FLORIDA'S PRIVATE SECTOR WHISTLE-BLOWER ACT, FLA STAT §448.102 AS TO DEFENDANT**

100.    Plaintiff re-alleges and incorporates as if fully restated in the allegations set forth in paragraphs 1 through 32.

101.    Florida Statute §448.102 et seq., expressly provides that an employer may not take any retaliatory action against an employee because the employee has "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

102.    Plaintiff objected to HR and to CEO Carr about Defendants' failure to

grant accommodations required by his service disability and his unfair treatment due to his gender/sex. Plaintiff reported his objections to his supervisor and/or HR and engaged in protected activity pursuant to Fla. Stat. § 448.102.   Defendants terminated Plaintiff's full-time employment within one month of engaging in protected activity. Therefore there is a direct causal link between the protected expression and adverse action against Plaintiff.

103.   At all times material to this action, Plaintiff was an employee of Defendants within the meaning of Florida Statutes §448.101(2).

104.   At all times material to this action, Defendants were an "employer" within the meaning of Florida Statutes §448.101(3) and regularly employed more than ten (10) persons.

105.   Defendants violated Florida Statutes §448.102 by taking retaliatory personnel actions against Plaintiff, to include formally disciplining, changing the terms and conditions of employment and ultimately terminating Plaintiff's full-time employment, because of Plaintiff's complaints to Defendants which he possessed a good faith, objectively reasonable belief that Defendants' actions were violations of the Florida and/or Federal law.

106.   Defendants and/or its agents, managers, and supervisors actively and knowingly participated in the retaliatory actions taken against Plaintiff having actual knowledge and/or constructive knowledge of the wrongfulness of their

conduct and the high probability that injury and/or damage to Plaintiff would result, and/or acted with such reckless disregard for, or with an absence of reasonable care, as to constitute a conscious disregard for, or indifference to, Plaintiff's statutorily protected rights, and/or acted with such gross negligence that Defendants contributed to Plaintiff's damages, injuries, and losses.

107.   As a direct, proximate, and foreseeable result of Defendants' actions, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, severe emotional distress, humiliation, and other non-pecuniary losses and intangible injuries.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, CHARLES MADDIX, demands judgment against Defendants, for the following:

(a)   that process issue and this Court take jurisdiction over this case;

(b)   that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages as well

as punitive damages and economic loss to Plaintiff from

Defendants for Defendants' violations of law enumerated

herein;

(d)    enter judgment against Defendants and for Plaintiff

permanently enjoining Defendants from future violations of law

enumerated herein;

(e)    enter judgment against Defendants and for Plaintiff awarding

Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the

circumstances, including but not limited to reinstatements

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 17th day of March, 2021.

> **MORGAN & MORGAN, P.A.**
> **/s/ Thomas L. Dickens, III**
> THOMAS L. DICKENS, ESQ.
> Fla. Bar No. 063687
> Morgan & Morgan, P.A.
> 20 North Orange Avenue, 14th Floor
> P.O. Box 4979
> Orlando, FL 32802-4979
> Tel.: (407) 418-2042
> Fax: (407) 245-3354
> Email:  tdickens@forthepeople.com
> *Attorney for Plaintiff*

23